# BALTIMORE AND OHIO RAILROAD COMPANY *v.* JOY.

## CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 129.　Submitted January 12, 1899. — Decided February 20, 1899.

An action, pending in the Circuit Court of the United States sitting in Ohio, brought by an injured person as plaintiff, to recover damages for injuries sustained by the negligence of the Baltimore and Ohio Railroad Company in operating its road in Indiana, does not finally abate upon the death of the plaintiff before trial and judgment, but may be revived and prosecuted to judgment by his executor or administrator, duly appointed by the proper court in Ohio.

A right given by a statute of a State to revive a pending action for personal injuries in the name of the personal representative of a deceased plaintiff is not lost upon the removal of the case into a Federal court.

Whether a pending action may be revived in a Federal court upon the death of either party, and proceed to judgment, depends primarily upon the laws of the jurisdiction in which the action was commenced, and in the present case is not affected in any degree by the fact that the deceased received his injuries in Indiana.

THE case is stated in the opinion.

*Mr. Hugh L. Bond, Jr.*, and *Mr. J. H. Collins* for the Baltimore and Ohio Railroad Company.

No appearance for Joy.

MR. JUSTICE HARLAN delivered the opinion of the court.

This case is before us upon a question of law certified by the Judges of the United States Circuit Court of Appeals for the Sixth Circuit under the sixth section of the act of March 3, 1891, c. 517, 26 Stat. 826.

It appears from the statement accompanying the certificate that on the 18th day of October, 1891, John A. Hervey, a citizen of Ohio residing in Hancock County in that State, was a passenger on a train of the Baltimore and Ohio Railroad Company between Chicago, Illinois, and Fostoria, Ohio. While upon the train as passenger he was injured at Albion, Indiana, in a collision caused by the negligence of the railroad company. He brought suit in the Common Pleas Court of Hancock County, Ohio, to recover damages for the personal injuries he had thus received.

Upon the petition of the railroad company the suit was removed into the Circuit Court of the United States for the Northern District of Ohio upon the ground of diverse citizenship. After such removal Hervey died, and, against the objection of the railroad company, the action was revived in the name of the administrator of the deceased plaintiff appointed by the proper court in Ohio.

At the time of Hervey's death the common law rule as to the abatement of causes of action for personal injuries prevailed in Ohio. But by section 5144 of the Revised Statutes of that State, then in force, it was provided that "except as otherwise provided, no *action or proceeding pending* in any court shall abate by the death of either or both of the parties thereto, except an action for libel, slander, malicious prosecution, assault or assault and battery, for a nuisance or against a justice of the peace for misconduct in office, which shall abate by the death of either party." Rev. Stat. Ohio, 1890, vol. 1, p. 1491. That section was construed in *Ohio & Penn. Coal Co.* v. *Smith, Admr.*, 53 Ohio St. 313, which was an action for personal injuries caused by the negligence of a corporation and its agents. The Supreme Court of Ohio said: "The action was a pending one at the time of the death of the plaintiff. It is not within any of the enumerated exceptions of section 5144, and was, therefore, properly revived and prosecuted to judgment in the name of the administrator of the deceased plaintiff."

The Revised Statutes of Indiana, in which State the injury was received, provided that "no action shall abate by the

death or disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue," § 272; also, that "a cause of action arising out of an injury to the person dies with the person of either party, except in cases in which an action is given for an injury causing the death of any person, and actions for seduction, false imprisonment and malicious prosecution." § 283.

By section 955 of the Revised Statutes of the United States, brought forward from the Judiciary Act of September 24, 1789, c. 20, § 31, 1 Stat. 73, 90, it is provided that "when either of the parties, whether plaintiff or petitioner or defendant, in any suit in any court of the United States, dies before final judgment, the executor or administrator of such deceased party may, in case the *cause of action* survives by law, prosecute or defend any such suit to final judgment."

The question upon which the court below desires the instruction of this court is this:

" Does an action pending in the Circuit Court of the United States sitting in Ohio, brought by the injured person as plaintiff to recover damages for injuries sustained by the negligence of the defendant in Indiana, finally abate upon the death of the plaintiff in view of the fact that, had no suit been brought at all, the cause of action would have abated both in Indiana and Ohio, and that, even if suit had been brought in Indiana, the action would have abated in that State?"

If the case had not been removed to the Circuit Court of the United States, it is clear that under the statutes of Ohio, as interpreted by the highest court of that State, the action might have been revived in the state court in the name of the personal representative of Hervey and proceeded to final judgment. We think that the right to revive attached under the local law when Hervey brought his action in the state court. It was a right of substantial value, and became inseparably connected with the cause of action so far as the laws of Ohio were concerned. Was it lost or destroyed when, upon the petition of the railway company, the case was removed for trial into the Circuit Court of the United States? Was it not rather a right that inhered in the action, and

accompanied it when in the lifetime of Hervey the Federal court acquired jurisdiction of the parties and the subject-matter? This last question must receive an affirmative answer, unless section 955 of the Revised Statutes of the United States is to be construed as absolutely prohibiting the revival in the Federal court of an action for personal injuries instituted in due time and which was removed from one of the courts of a State whose laws modified the common law so far as to authorize the revival upon the death of either party of a pending action of that character.

We are of opinion that the above section is not to be so construed. In our judgment, a right given by the statute of a State to revive a pending action for personal injuries in the name of the personal representative of a deceased plaintiff is not lost upon the removal of the case into a Federal court. Section 955 of the Revised Statutes may reasonably be construed as not applying to an action brought in one of the courts of a State whose statutes permit a revivor in the event of the death of a party before final judgment. Whether a pending action may be revived upon the death of either party and proceed to judgment depends primarily upon the laws of the jurisdiction in which the action was commenced. If an action be brought in a Federal court, and is based upon some act of Congress or arises under some rule of general law recognized in the courts of the Union, the question of revivor will depend upon the statutes of the United States relating to that subject. But if at the time an action is brought in a state court the statutes of that State allow a revivor of it on the death of the plaintiff before final judgment — even where the right to sue is lost when death occurs before any suit is brought — then we have a case not distinctly or necessarily covered by section 955. Suppose Hervey had died while the action was pending in the state court and it had been revived in that court, nevertheless after such revival, if diverse citizenship existed, it could have been removed for trial into the Federal court and there proceeded to final judgment, notwithstanding section 955 of the Revised Statutes of the United States. If this be so, that section ought not to be construed

as embracing the present case. Nor ought it to be supposed that Congress intended that in case of the removal of an action from a state court on the petition of the defendant prior to the death of the plaintiff, the Federal court should ignore the law of the State in reference to the revival of pending actions, and make the question of revivor depend upon the inquiry whether the cause of action would have survived if no suit had been brought. If Congress could legislate to that extent it has not done so. It has not established any rule that will prevent a recognition of the state law under which the present action was originally instituted, and which at the time the suit was brought conferred the right, when the plaintiff in an action for personal injuries died before final judgment, to revive in the name of his personal representative. Cases like this may reasonably be expected out of the general rule prescribed by section 955.

These views are in harmony with section 721 of the Revised Statutes, which was brought forward from the Judiciary Act of 1789, 1 Stat. 92, c. 20, § 34, and provides that "the laws of the several States, except where the Constitution, treaties or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply;" and also with section 914, providing that "the practice, pleadings and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the Circuit and District Courts, shall conform, as near as may be, to the practice, pleadings and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such Circuit or District Courts are held, any rule of court to the contrary notwithstanding." They are in accord also with what was said in *Martin* v. *Baltimore & Ohio Railroad*, 151 U. S. 673, 692, in which, after referring to *Schreiber* v. *Sharpless*, 110 U. S. 76, 80, this court said: "In that case, the right in question being of an action for a penalty under a statute of the United States, the question whether it survived was governed by the laws of the United States. But in the case at bar, the question whether the administrator has a

right of action depends upon the law of West Virginia, where the action was brought and the administrator appointed. Rev. Stat. § 721; *Henshaw* v. *Miller*, 17 How. 212."

It is scarcely necessary to say that the determination of the question of the right to revive this action in the name of Hervey's personal representative is not affected in any degree by the fact that the deceased received his injuries in the State of Indiana. The action for such injuries was transitory in its nature, and the jurisdiction of the Ohio court to take cognizance of it upon personal service or on the appearance of the defendant to the action cannot be doubted. Still less can it be doubted that the question of the revivor of actions brought in the courts of Ohio for personal injuries is governed by the laws of that State, rather than by the law of the State in which the injuries occurred.

*The question propounded to this court must be answered in the negative. It will be so certified to the Circuit Court of Appeals.*