PETERS v. MALIN et al.

(Circuit Court, N. D. Iowa, Cedar Rapids Division. December 1, 1900.)

JURISDICTION OF FEDERAL COURTS—FEDERAL QUESTIONS—ACTION INVOLVING RIGHTS OF TRIBAL INDIAN.

> An action to recover damages for the illegal arrest and imprisonment of the plaintiff under the laws of the state, where the claimed illegality is based upon allegations that plaintiff is a tribal Indian, and not subject to state jurisdiction, and that defendants, in instituting the prosecution against him, acted in their official capacity as Indian agent and Indian school superintendent, respectively, of the United States, involves the construction of the laws and treaties of the United States, and is of federal cognizance.[1]

At Law. On demurrer to petition presenting question of jurisdiction.

Charles A. Clark & Son, J. W. Lamb, and Wm. G. Clark, for plaintiff.

H. G. McMillan, J. R. Caldwell, and Struble & Stiger, for defendants.

SHIRAS, District Judge. In the petition and amendment thereto filed in this case it is averred that the plaintiff, James Peters, is a member of the Sac and Fox Tribe of Indians living on the tribal reservation in Tama county, Iowa, and that the defendant William G. Malin is the agent appointed by the United States and placed in

---

[1] Federal question as ground for federal jurisdiction, see notes to Bailey v. Mosher, 11 C. C. A. 308, and Montana Ore-Purchasing Co. v. Boston & M. Consol. Copper & Silver Min. Co., 35 C. C. A. 7.

charge of the Indians on the reservation, and that G. W. Nellis is the superintendent of the boarding and training school at Toledo, Iowa, appointed by the United States to superintend the school, which is conducted by the United States for the benefit of the named Indian tribes. It is further charged in the petition that the defendant Malin, while acting as agent for said Indians, wrongfully swore to and filed before a justice of the peace for Tama county an information falsely accusing the plaintiff herein of the crime of enticing away a tribal Indian child under the age of 15 years from the Sac and Fox reservation, the said child being at the time enrolled as a pupil in the boarding school at Toledo, contrary to the laws of the state of Iowa; and caused the plaintiff to be arrested and imprisoned under said charge awaiting the action of the grand jury of Tama county thereon. It is further averred that the defendants confederated together, and by their wrongful joint action caused an indictment to be found by the state grand jury, based upon the charge aforesaid, and caused the plaintiff herein to be arrested and imprisoned, and finally to be put to trial in the district court of Tama county upon said indictment; the defendant thereto, being the plaintiff herein, being found not guilty by the trial jury. It is further charged in the petition that the defendants, while acting as servants of the United States, well knew that the letters of guardianship procured from the state court of Tama county by the defendant Malin were wholly void, and that the state court had no jurisdiction over the plaintiff, he being a tribal Indian; and for the wrongs done him the plaintiff prays judgment in the sum of $8,000. By a demurrer filed to the petition the defendants present the question of the jurisdiction of this court, it being claimed in support of the demurrer that it does not appear on the face of the petition that the case is one arising under the constitution or laws of the United States.

It is made plain on the face of the petition that the plaintiff claims that he is a tribal Indian, and that as such the general laws of the state of Iowa are not applicable to him. The decision of this question clearly calls for a consideration and construction of the laws and treaties of the United States as the same may affect the status of the Indians belonging to the reservation in Tama county. It being admitted by the demurrer that the plaintiff is a tribal Indian residing on a reservation under charge of an Indian agent, it follows that he must be held to be a ward of the general government, and entitled to its protection; and the question of the applicability of the laws of the state to his personal rights is one that arises under the laws and treaties of the United States. If it were true that the plaintiff's claim was that he had not violated the provisions of the state law in the sense that he had not done any act forbidden by the state law, then it might well be, as is contended by counsel for the defendants, that the cause of action declared on called for a construction of the law of the state, rather than of a law of the United States; but that is not the issue tendered in the petition. On the contrary, the averment in the petition is that the arrest and imprisonment of the plaintiff under a proceeding based upon the state statute was an infringement of his rights as a tribal Indian, and it is clear that the

. plaintiff bases his alleged right of action upon the rights secured to . him as a tribal Indian by the laws of the United States. Furthermore, it is averred in the petition that the defendants are the Indian agent and school superintendent appointed by the United States, and that, acting in their official capacity, they caused the arrest and imprisonment of the plaintiff; thus presenting the question of the extent of the power conferred upon defendants as officers of the general government, and of their right to subject the plaintiff, as a tribal Indian, to the provisions of the laws of the state,—questions which depend for their solution upon the construction to be given to the laws of the United States. In fact, the case declared on in the petition presents the double question of the rights of a tribal Indian and of the power and authority conferred on Indian agents and school superintendents by the laws of the United States, and, viewed in either aspect, the case is clearly one of federal cognizance. The demurrer is therefore overruled, with leave to defendants to answer the petition within 60 days.