## MARTIN v. WABASH R. CO.

(Circuit Court of Appeals, Seventh Circuit. August 1, 1905.)

### No. 1,168.

1. ABATEMENT AND REVIVAL—SURVIVAL OF RIGHT OF ACTION—LAW GOVERNING.
   Whether a cause of action survived by law is not a question of procedure, but of right, and is determinable, when the action is one arising at common law, not by the law of the state where it arose, but by the law of the state where the action is brought.

2. SAME—ACTION FOR PERSONAL INJURY—ILLINOIS STATUTES.
   Under the statute of Illinois (Hurd's Rev. St. 1903, c. 3, § 123), providing that actions to recover damages for an injury to persons, except slander and libel, survive, an action for a personal injury survives the death of the plaintiff, and may be revived in the name of his personal representatives, when his death did not result from the injury.
   [Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Abatement and Revival, §§ 261–264.]

3. MASTER AND SERVANT—INJURY TO SERVANT—DEFECTIVE RAILROAD CAR.
   A railroad company cannot escape liability to a trainman for an injury resulting from its failure to make a proper inspection of its cars and appliances, by reason of a rule requiring the trainmen themselves to make such inspection, when the defect was not obvious, but could have been discovered by the means at the command of an inspector charged with that duty only.
   [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 175, 285, 288.]

In Error to the Circuit Court of the United States for the Southern District of Illinois.

The facts are stated in the opinion.

Geo. C. Otto, for plaintiff in error.

John M. Zane, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge, delivered the opinion.

The action, in the court below, was by Martin, a citizen of Illinois, against the Wabash Railroad Company, a corporation of Ohio, to recover for personal injuries received by Martin in Indiana, said to have been caused by the negligence of the Railroad Company.

At the close of the evidence, on motion of the defendant below, the jury was instructed to find a verdict for the defendant below, and on his verdict judgment was entered. To reverse this judgment this writ is prosecuted. After judgment, but pending hearing here, Martin died.

Motion is now made to substitute the executrix with leave to prosecute this writ of error. Also a counter motion, to dismiss the writ of error.

The two motions involve this question: Under the law applicable to this cause, does the action survive, notwithstanding the death of the plaintiff below?

By the Judiciary Act of 1789, embodied now in the Revised Statutes, it is provided that "when either of the parties, whether plaintiff or petitioner, or defendant, in any suit in any court of the United States, dies before final judgment, the executor or administrator of such deceased party may, in case the cause of action survives by law, prosecute or defend such suit to final judgment." Whether a cause of action survives by law, is not a question of procedure, but of right; and is determinable when the action is one arising at common law, not by the law of the state where the injuries were inflicted, but by the law of the state where the action is brought. Martin, Adm'r, v. Baltimore & Ohio R. R. Co., 151 U. S. 691, 14 Sup. Ct. 533, 38 L. Ed. 311; Baltimore & Ohio R. R. Co. v. Joy, 173 U. S. 226, 19 Sup. Ct. 387, 43 L. Ed. 677.

The Statutes of Illinois, the state in which the action was brought, provide as follows:

"In addition to actions which survive by the common law, the following actions also survive: Actions of replevin, actions to recover damages for an injury to persons (except slander and libel) * * *." Hurd's Rev. St. 1903, Ill. c. 3, § 123.

Holton v. Daly, Adm'x, 106 Ill. 131, was a case where, after recovery for personal injuries in the Circuit Court of Cook County, and the reversal of the judgment by the Appellate Court, the plaintiff died; whereupon, on the application of the administratrix to be substituted as party plaintiff, the defendant moved the court to dismiss the cause, as one not surviving to the administratrix. The motion was overruled; and the action of the lower court was, in that respect, sustained by the Supreme Court—the Supreme Court holding, that in the absence of a showing on the record that the plaintiff had died as the result of the injuries (thereby, presumably, creating another cause of action) the motion to dismiss was "not practicable."

Chicago & Eastern Illinois Railroad Company v. O'Connor, 119 Ill. 586, 9 N. E. 263, was the case of an action for personal injuries in the Superior Court of Cook County, resulting in a judgment for plaintiff, pending an appeal from which to the Appellate Court, the plaintiff died. The Appellate Court having reversed the judgment of the Superior Court, and remanded the cause for trial de novo, the defendant filed a plea in abatement, averring that the plaintiff had died from causes other than the injuries described in the declaration. To this plea a demurrer was sustained, and afterwards, on motion, the plea was stricken from the files; and these rulings were affirmed in the Supreme Court, the court holding that actions of that kind survive. In the opinion occurs this statement of the Illinois law:

"When the death is the result of injuries for which the suit is brought, the action must be prosecuted after the death, for the benefit of the widow and next of kin, and in such case, there can be no recovery for the bodily pain and suffering; but where the death results from a cause other than the injuries

for which the suit is brought, there may be a recovery notwithstanding the death, for precisely the same injuries that the party himself could have recovered for, had he lived until after the final trial."

The effect of these decisions seems to be, that in Illinois an action such as the one under review survives the death of the plaintiff. And this requires us to go into the merits of the case.

The negligence, upon which the action below was grounded, was the failure of the defendant below to exercise ordinary and reasonable diligence and care, in providing and furnishing cars and appliances, in such state of repair, as would make the same safe for the plaintiff, a freight train conductor, to work upon them in moving the cars.

The particular negligence alleged was, that one end of a certain iron hand hold or grab iron, part of the equipment of a car under plaintiff's charge, was insufficiently attached to the top of the car by a screw only, without any nut, burr or other sufficient fastening on the lower part thereof; and that the wood into which the screw was set, was so worn, decayed and rotted, that it would not, and did not, when the hand hold was subjected to the uses for which it was designed, hold and retain the screw.

The plaintiff received his injuries in ascending, in the due course of his duties, the ladder on the end of the car, in course of which he took hold of the hand hold or grab iron, to bring himself to the top of the car, whereupon the screw pulled out, and the plaintiff was thrown from the car to the ground. The evidence showed that the wood around the screw was rotten and decayed, and on strain being put upon it, pulled out.

There was some contention that there was not sufficient evidence to fix upon the defendant below, knowledge of the unsafe condition of the hand hold. It appears that an inspection of this particular car was made within a day or two before the occurrence of the accident. But there was evidence tending to show that the inspection was not thorough, many more cars being inspected than thorough inspection would have allowed. Nor could the inspector, at the time of the trial, recall this particular car. There is nothing in the evidence that shows that he subjected it to the weight or strain which it subsequently underwent, when the plaintiff below was climbing up the ladder, or that any equivalent test was made.

On such a state of the proof, the plaintiff being without fault, the case ought not to have been taken away from the jury. The facts proven would have warranted the jury in finding that the hand hold was unsafe, and that the defendant below had had reasonable opportunity of ascertaining its unsafe condition. Indeed, there is little real dispute on this point.

The reliance of the defendant in error is upon a rule of the railway company in force at the time, known to the plaintiff below, to the effect that conductors, brakemen, and engine men "must know that the cars in their train have been inspected, and that the brakes are in proper working order"; also a rule providing that "trainmen must know that the cars in their trains are in good order before starting, and inspect them whenever they have an opportunity to do so, particularly when en-

tering or leaving sidings or waiting for other trains. All cars taken into their trains at intermediate stations, must be examined with extra care." The argument is, that the duty thus imposed upon the trainmen to see that the cars are safe, is co-extensive with the common law duty of the railway company that the trainmen should be given safe cars; wherefore, the argument runs, if the facts show that the duty of the company has not been fulfilled, the same facts show the trainmen have not performed their duty; and if the facts show trainmen have performed their duty, it follows that the duty of the company has been shown to have been fulfilled.

This argument is not sound. It is founded on the implication that cars in transit may be subjected to as careful inspection as cars in a station waiting for inspection. It implies that trainmen, busy with other duties, and crowded perhaps for time, shall give as careful inspection en route, as the special inspector, appointed for that purpose, shall give during the time that the cars are stationary under his eyes. In the very nature of things, the implication is erroneous. The inspection required of trainmen does not, in our judgment, extend to non obvious defects; the inspection required by the company's inspector does extend to non obvious defects where the same may, by the means at his command, be made obvious; and this case falls exactly between that which is non obvious to the trainmen en route, and that which would be made obvious by a careful inspection by the inspector in the yards.

The motion to dismiss the writ is overruled; the motion to substitute the administratrix for the plaintiff in error, deceased, is granted; and the cause is reversed and remanded, with instructions to the Circuit Court to grant a new trial.