## CHASE v. ORMSBY et al.
### No. 4864.

Circuit Court of Appeals, Third Circuit.

April 7, 1933.

Edward J. Fox, of Easton, Pa., for appellant.

C. Brewster Rhoads and Laurence H. Eldredge, both of Philadelphia, Pa. (Montgomery & McCracken, of Philadelphia, Pa., of counsel), for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from an order of the District Court refusing to take off a compulsory nonsuit.

The plaintiff, Louise Chase, a resident of St. Louis, was, on October 17, 1925, temporarily residing in New York City in an apartment house which belonged to Frank G. Ormsby, who was then living at Easton, Pa., and was a resident and citizen of that commonwealth and remained so until his death.

On the morning of October 17, 1925, the plaintiff and her mother entered the elevator of the apartment house and the elevator suddenly fell from the fifth floor to the basement. Her mother was killed and the plaintiff was seriously injured. She spent about a year and a half in hospitals. For six months she was in a plaster cast. One limb was so badly injured that it had to be amputated and the other was ruined for life.

This suit was brought in the Eastern District of Pennsylvania, where Ormsby resided, against the executors of his estate, to recover damages for the injuries which the plaintiff received in the fall of the elevator, which she

alleges was due to the negligence of their testator.

The injuries were received on October 17, 1925. Ormsby died in Easton on June 14, 1926, and suit was brought against his executors in the Eastern District of Pennsylvania on March 17, 1927, within two years after the accident. An affidavit of defense was filed in which it was averred that the death of Ormsby abated the action under the law of New York and that the suit could not be brought and maintained against his executors in Pennsylvania. A question was thus raised under the Pennsylvania pleading in the nature of a demurrer. In Pennsylvania a suit may be brought under the statute against the executors of a tort-feasor's estate. A stipulation was entered into by counsel whereby they submitted to the court the question of the right of plaintiff to maintain her action in Pennsylvania. The court in an opinion (3 F. Supp. 680) indicated that the action could not be maintained but said that the question had not been properly raised and suggested that the case be tried to the court and jury. Subsequently a jury was called for the trial of the case and at the trial the plaintiff offered to prove the above facts, but the court sustained an objection to the offer and entered a compulsory nonsuit which it refused to take off and thereupon the plaintiff appealed.

Passing by minor contentions in the case, the real question is whether or not the cause of action under the above facts survived in Pennsylvania and could be prosecuted against the executors of Ormsby's estate.

■ The general rule of law declared in both text-books and decisions is that substantive rights are determined by the law of the place where the tort was committed, the lex loci delicti commissi, but remedial rights, the rules regulating the machinery by which substantive rights are established, are determined by the law of the place where those rights are sought to be enforced, the lex fori. Treatise on Conflict of Laws by Beale, p. 165; Goodrich on Conflict of Laws, p. 158; Slater v. Mexican National R. R., 194 U. S. 121, 126, 24 S. Ct. 581, 48 L. Ed. 900; Davis v. Mills, 194 U. S. 451, 24 S. Ct. 692, 48 L. Ed. 1067; Spokane, etc., R. R. v. Whitley, 237 U. S. 487, 35 S. Ct. 655, 59 L. Ed. 1060, L. R. A. 1915F, 736.

The allegations of negligence in the complaint are assumed to be true.

■ When the elevator fell and the plaintiff was negligently injured a cause of action arose. This invested the plaintiff with a property right and gave her the right to sue and at the same time it subjected the tort-feasor to the liability of being sued. The state of New York could not confine the cause of action within its own borders nor prescribe the court in which the right should be enforced, nor define the procedure therefor. Tennessee Coal, Iron & Railroad Co. v. George, 233 U. S. 354, 34 S. Ct. 587, 58 L. Ed. 997, L. R. A. 1916D, 685. The action was transitory, and wherever Ormsby went, this liability went with him and attached to him personally until the moment of his death.

When Ormsby died, did the cause of action die with him, or did it survive and the liability to be sued pass over to his executors?

This question depends upon whether it is to be determined by the laws of the state of New York, where the tort was committed, or by the laws of the state of Pennsylvania, where Ormsby lived and died and where suit was brought. In New York, the death of Ormsby abated the action, but in Pennsylvania it survived. The Act of March 30, 1921, P. L. 255, § 1, amending P. L. 1917, p. 447, § 35 (b), 20 PS § 772, provides that: "Executors * * * shall be liable to be sued, either alone or jointly with other defendants, in any such action, except as aforesaid, which might have been maintained against such decedent if he had lived." If Ormsby had lived admittedly this suit might have been brought and maintained against him.

■ All the authorities agree that survivability of a cause of action is a property right and not a question of procedure. State Legislatures have absolute dominion over the property or estate of dead men and determine what causes of action survive and what abate with their death. Whether or not a cause of action survives is, therefore, determined by the laws of the state where the action is brought and not by the laws of the state in which the injury was inflicted.

The right to revive an action in a federal court is made by the United States statute to depend upon its survivability. Whether or not it survives will be determined by the federal court in accordance with the laws of the state where the action is brought. This rule of law is supported by the cases discussed below.

In the case of Martin v. Wabash Railway Co., 142 F. 650, 6 Ann. Cas. 582, Judge Grosscup, speaking for the Circuit Court of Appeals for the Seventh Circuit, said: "Whether a cause of action survived by law is not a question of procedure, but of right, and is determinable, when the action is one

arising at common law, not by the law of the state where it arose, but by the law of the state where the action is brought." In that case Martin lived in Illinois and brought suit in that state against the Wabash Railway Company, a corporation of Ohio, to recover damages for personal injuries received by him in Indiana. After judgment in the District Court and while the case was pending in the Circuit Court of Appeals, Martin died. The statute of Illinois (Smith-Hurd Rev. St. 1931, c. 3, § 123) provides that, "in addition to the actions which survive by the common law, the following shall also survive: Actions of replevin, actions to recover damages for an injury to the person." Under the law of Indiana, the cause of action died with the plaintiff, just as, in the case at bar, it died in New York with Ormsby; but the court held that whether or not the cause of action survived depended upon the law of Illinois where the action was brought, not upon that of Indiana, where it abated and so the action was maintained.

In Page v. United Fruit Co. (C. C. A.) 3 F.(2d) 747, 754, one Michael B. Ryan, a citizen of Connecticut, was injured by the defendant, United Fruit Company, in Costa Rica. Suit to recover damages was brought by Ryan in the district of Massachusetts. After verdict and while the case was pending in the Circuit Court of Appeals for the First Circuit, plaintiff died, and Page was substituted for him as plaintiff. It was contended on application for a rehearing that under the law of Costa Rica the cause of action did not survive and that the substituted plaintiff was improperly admitted to prosecute the cause. In reply to this contention, the Circuit Court of Appeals said: "The right to revive the action is not affected by the fact that the plaintiff received his injuries in Costa Rica. The action having been brought in the Massachusetts district, the right to revive it is governed by the law of Massachusetts, not by that of Costa Rica."

In the case of Martin's Administrator v. Baltimore & Ohio Railroad, 151 U. S. 673, 14 S. Ct. 533, 545, 38 L. Ed. 311, the plaintiff brought suit against the Baltimore & Ohio Railroad Company in the state of West Virginia for injuries received by him in the state of Maryland. The suit was tried and a verdict was rendered against Martin and for the defendant. The plaintiff appealed. Before the appeal was heard Martin died. In Maryland, a tort action does not abate with the death of the plaintiff. It survives for the benefit of his next of kin or personal representatives. But in the state of West Virginia, where the suit was brought, an action for personal injuries abates with the death of the person injured. The question at issue was whether or not Martin's administrator could maintain the action. This depended upon whether the survival of the cause of action was to be determined by the laws of Maryland or West Virginia. The court held that when the cause of action does not arise under a law of the United States, its survival depends upon the law of the state where the suit is brought and not upon the law of the state where the injury was received, and so dismissed the writ of error. After citing and analyzing many cases it said: "The result is that by the law of Virginia the administrator has no right to maintain this action, and that by the statutes of the United States regulating the proceedings in this court he is not authorized to come in to prosecute this writ of error. The only verdict and judgment below were in favor of the defendant, who is not moving to have that judgment affirmed or set aside. The original plaintiff never recovered a verdict, judgment upon which might be entered or affirmed nunc pro tunc in his favor. If the judgment below against him should now, upon the application of his administrator, be reversed, and the verdict set aside, for error in the instructions to the jury, or, according to the old phrase, a venire de novo be awarded, no new trial could be had, because the action has abated by his death." The court discussed many cases on survival of actions. The substance of the discussion is tersely summed up in the syllabus as follows: "The question, whether a cause of action survives to the personal representative of a deceased person, is a question not of procedure, but of right; and, when the cause of action does not arise under a law of the United States, depends upon the law of the State in which the suit is brought."

In Baltimore & Ohio Railroad Co. v. Joy, 173 U. S. 226, 19 S. Ct. 387, 388, 43 L. Ed. 677, one John A. Hervey, a citizen of the state of Ohio, was injured at Albian, Ind., in a collision caused by the negligence of the railroad company. He brought suit in the common pleas court of Hancock county, Ohio, to recover damages for the personal injuries which he had thus received. The railroad company removed the case into the federal court. Thereafter Hervey died and the action was revived in the name of his administrator, Joy, over the objection of the railroad company.

At the time of Hervey's death, section 5144 of the Revised Statutes of Ohio (Rev. St. Ohio 1890) provided that "no action or

524

proceeding pending in any court shall abate by the death of either or both of the parties thereto." On the other hand, the statute of Indiana (Burns' Ann. St. Ind. 1894, § 283) provided that, "a cause of action arising out of an injury to the person dies with the person of either party," with exceptions here immaterial. It was contended by the railroad company that the cause of action abated with the death of Hervey in accordance with the provision of the statute of Indiana which created the cause of action and defined the rights of the plaintiff.

The case eventually reached the Circuit Court of Appeals for the Sixth Circuit, which certified the following question to the Supreme Court for its instruction: "Does an action pending in the circuit court of the United States sitting in Ohio, brought by the injured person as plaintiff to recover damages for injuries sustained by the negligence of the defendant in Indiana, finally abate upon the death of the plaintiff, in view of the fact that, had no suit been brought at all, the cause of action would have abated both in Indiana and Ohio, and that, even if suit had been brought in Indiana, the action would have abated in that state?" The court answered the question in the negative and held that the right to revive was of substantial value, attached under the local law of Ohio when suit was brought, was *pending* at the death of Hervey, became inseparably connected with the cause of action so far as the laws of Ohio were concerned, and was not lost either upon the removal of the case into the federal court or the death of Hervey. It said: "Whether a pending action may be revived upon the death of either party, and proceed to judgment, depends primarily upon the laws of the jurisdiction in which the action was commenced. * * * That the determination of the question of the right to revive this action in the name of Hervey's personal representative is not affected in any degree by the fact that the deceased received his injuries in the state of Indiana. The action for such injuries was transitory in its nature, and the jurisdiction of the Ohio court to take cognizance of it upon personal service or on the appearance of the defendant to the action cannot be doubted. Still less can it be doubted that the question of the revivor of actions brought in the courts of Ohio for personal injuries is governed by the laws of that state, rather than by the law of the state in which the injuries occurred."

In this last case, the action survived because the Legislature of Ohio had provided that it survived if it was "pending" at the time of the death of either party although it had abated in Indiana where the tort was committed. In the case at bar, the Legislature of Pennsylvania has provided that an action survives the death of the tort-feasor and may be maintained against his executors, if it could have been maintained against him if he had lived. The test of a survival of an action depends upon whether or not it comes within the terms of the statute in the state where suit is brought. In the Joy Case, supra, it was "pending" when Hervey died and was thus brought within the provisions of the statute; but in the case of Martin's Administrator v. Baltimore & Ohio Railroad, supra, it did not meet the requirements of the statute, for there was no statute providing for the survival of actions in West Virginia where the suit was brought and so the action abated with the death of Martin although it survived in Maryland where the injuries were received. In the instant case, suit could have been brought against Ormsby if he had lived. Therefore, it may be maintained against his executors for it complies with the requirements prescribed by the Legislature.

It follows that the judgment must be reversed, and a venire facias de novo awarded.