**CHASE v. ORMSBY et al.**

No. 12886.

District Court, E. D. Pennsylvania.

Sept. 24, 1931.

E. J. & J. W. Fox, of Easton, Pa., for plaintiff.

C. Brewster Rhoads and Robert T. Mc-Cracken, both of Philadelphia, Pa., for defendants.

DICKINSON, District Judge.

This cause must look for its ruling to the misty subject of the "Conflict of Laws." The defendant's decedent was the owner and operator of an elevator. The plaintiff was injured by a fall of the elevator due, as is averred, to the negligence of its operator. The injury, however, was sustained in the state of New York. By the laws of that state the common-law maxim is followed that the right of recovery for personal torts dies with the person of the tort-feasor unless an action was begun in his lifetime. The action is brought in Pennsylvania, in which state by statute a different rule prevails, but the action was not brought until after the death of Ormsby, who had he not died would have been the defendant. A preliminary question of law is raised, which we discuss as if raised in the method prescribed by the Practice Act of 1915 (see 12 PS § 382 et seq.), to the effect that the cause of action died with the tort-feasor, notwithstanding the other fact that the cause of action is personal and transitory. Under the laws of New York the plaintiff would have neither a cause nor a right of action, assuming these two things not to be the same. Under the laws of Pennsylvania the right to seek a recovery, had the injury been here sustained, is not denied. The question thus becomes, as we view it, By the laws of which state is the case to be determined?

We have subcaptioned the case and treated it as if a statutory demurrer had been interposed to the plaintiff's action. In fact, the required affidavit raising this as a question at law has not been filed. Counsel have attempted to raise the question by a stipulation. We are unable to see that this can be made effective. It would, however, be a great hardship upon the plaintiff to require her to attend the trial with her witnesses and go through the form of introducing evidence in support of her entire case and then have it thrown out of court, not on its merits as a case arising under the law of Pennsylvania, but upon the proposition that her case arose, if at all, under the laws of New York, and judged by that law she had no case. If the question now raised is decided in her favor, she would suffer no hardship; but if it is decided against her, an appellate review must take up the whole case, thus subjecting her to the double hardship of the expense of proving her whole case and again to the review of it.

The purpose of the stipulation we think can be reached by determining the suggested question now. If found for her, she may then go on with her entire case; the same ruling now made being made at the trial. The defendants may protect themselves by an exception to the ruling, and the rights of both parties are thus preserved. If the question is decided against her, then the facts upon which it depends may be stipulated as they have been, and the ruling made repeated as a trial ruling, coupled, if need be, with an offer to prove negligence, and the evidence rejected because negligence would then be wholly immaterial. The plaintiff could protect herself by exception, and then have a very short record to have reviewed. This is within the spirit of the stipulation, and we assume the agreement of counsel to it and will pass upon the question raised. The real question we think to be that stated.

The discussion to which we have been treated is most interesting and helpful. The question, as most questions, really turns for its answer upon the approach to it. The plea by which it is raised the plaintiff treats as a plea in abatement; the defendants discuss it as a plea in bar. The plaintiff looks upon the case as one of a right of action which is averred by the defendants to have abated by the death of the tort-feasor; the defendants contend that the plaintiff has no cause of action, the one she once had having been ended by her failure to enforce it by suit when it existed. This is nearly, if not quite, the difference between a question of procedural and one of substantive law. If it is a question of procedure, the law of the forum controls; if it is a question of substantive law, then the lex loci is our guide.

The basic principle which underlies the doctrine known as the "Conflict of Laws" is that of judicial duty or obligation. If we reverse in part the fact situation, the application of this principle will be made clear. If, under the laws of New York, for illustration, the plaintiff had a cause of action and a right of action but the defendant was in Pennsylvania, suit must here be brought. Assuming the plaintiff under the laws of Pennsylvania to have no cause of action, it would nevertheless be the duty of the Pennsylvania court to try the cause as a cause arising under the laws of New York, and to treat the law of that state as the applicable law. Numberless precedents for this could be cited. In many

instances there is a like statutory cause of action given by each of the two states but the right of action is in different persons. In one case, as in Pennsylvania, it may be given to a surviving spouse or children or parents, and by the laws of the other state to the legal representative of the decedent, or, as in New Jersey, to a special representative as administrator ad prosequendum. The party plaintiff is dictated by the lex loci because the right of action is in the person to whom the cause of action is given, and the legal merits are adjudged in accordance with the same law, but the procedure followed is that of the forum. This is a well-settled doctrine.

■■■■ The question before us is whether the same doctrine applies when the fact situation is reversed in that there is no cause of action under the lex loci, but the law of the forum would give it. If the lex loci controls when a right of action is given it is difficult to understand why it does not likewise control when one is not given. Viewed from another angle, the right given by the laws of Pennsylvania is a statutory right. How can a Pennsylvania statute have an extra territorial operation? The answer is that it does not have. It may be said with equal truth that the lex loci is likewise without extra territorial force. Why then should the courts of the forum give it effect? The answer is to be found in the duty imposed upon the courts of other states and the obligation which rests upon the tort-feasor. The courts of the state which gives the right of action would vindicate it if they had jurisdiction of the defendant. Not having such jurisdiction, they cannot try the cause. A court of another state, which has such jurisdiction, will by analogy to the doctrine of comity do what the courts of the first state cannot do but will apply the same law which the courts of the first state would apply. This is, we think, the true doctrine, and judged by it as the courts of New York would find, that the plaintiff had no case, we must hold likewise, however much we may prefer the law of Pennsylvania to that of New York on this particular subject as more consonant with the dictates of natural justice.

There are other phases of the question

which might with profit be discussed, but we see no need to go into them further than the comment that the conclusion reached is in accord with the run of the adjudged cases which have been cited to us, among which are: Davis v. Mills, 194 U. S. 451, 24 S. Ct. 692, 48 L. Ed. 1067; Spokane & E. I. R. Co. v. Whitley, 237 U. S. 487, 35 S. Ct. 655, 59 L. Ed. 1060, L. R. A. 1915F, 736; Usher v. R. R., 126 Pa. 206, 17 A. 597, 4 L. R. A. 261, 12 Am. St. Rep. 863; Warren v. Furstenheim (C. C.) 35 F. 691, 1 L. R. A. 40; Martin v. Wabash R. Co. (C. C. A.) 142 F. 650, 6 Ann. Cas. 582; Whitten v. Bennett (C. C.) 77 F. 271, 272; Baltimore & O. R. Co. v. Joy, 173 U. S. 226, 19 S. Ct. 387, 43 L. Ed. 677; Martin v. B. & O., 151 U. S. 673, 14 S. Ct. 533, 38 L. Ed. 311; Dennick v. R. R., 103 U. S. 12, 26 L. Ed. 439.

We say this notwithstanding the truth that the cases are not uniform in the mode in which the doctrine is expressed. Many of the cases can be reconciled by the distinction before noted between procedural and substantive law. When the plaintiff in a pending suit dies, as in B. & O. v. Joy, the question of the survival of the action is determined by the lex fori because this is a procedural question, but that of whether a right of action in the sense of a cause of action exists when suit is brought is a question of substantive law to be determined by the lex loci.

It must be admitted that the case of Whitten v. Bennett cannot be so distinguished upon its facts, although the ruling would seem to be so based. As the ruling made is phrased, it is that the lex fori "determines the nature and extent of the remedy." This is in entire accord with the doctrine as we have formulated it. The disturbing thought is that the case arose in a state which gave a right of action but was tried in a state which did not, and the law of the latter was held to prevail. The appellate experience of this case may throw some light upon the quoted ruling. The appellate court took occasion to say that it was unnecessary to discuss it.

The question raised is determined in favor of the defendant. If the suggestion we have made is accepted by counsel, a jury may be empanelled at any time.