ORMSBY ET AL., EXECUTORS, v. CHASE.

No. 101. Argued November 15, 16, 1933.—Decided December 11, 1933.

388

*Mr. C. Brewster Rhoads,* with whom *Messrs. Laurence H. Eldredge* and *Robert T. McCracken* were on the brief, for petitioners.

*Mr. Edward J. Fox,* with whom *Mr. Edward J. Fox, Jr.,* was on the brief, for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Frank G. Ormsby was a resident and citizen of Pennsylvania until his death June 14, 1926. He owned a building in New York City in which he maintained and operated a passenger elevator. Respondent was one of his tenants, and October 17, 1925, the elevator, in which she was being carried, fell, seriously injuring her. She did not sue him, but, after his death, brought this suit in the federal court for the eastern district of Pennsylvania against his executors to recover damages on account of such injuries, alleging them to have been caused by the negligence of deceased. The affidavit of defense alleged that plaintiff's cause of action abated with the testator's death. The district court so held. 3 F.Supp. 680. The Circuit Court of Appeals reversed. 65 F. (2d) 521.

Plaintiff's statement of claim did not allege that her right of action survived the death of the deceased. It was not made to survive by any statute of New York, and under the common law there in force did abate with his death. *Gorlitzer* v. *Wolffberg,* 208 N.Y. 475; 102 N.E. 528. *Bernstein* v. *Queens County Jockey Club,* 222 App. Div. 191; 225 N.Y.S. 449.[1] She relies upon a Pennsylvania statute which declares that executors shall be liable to be sued in any action which might have been maintained against the deceased if he had lived. Laws 1921, No. 29, § 35 (b), p. 58. But the law of the place of the wrong determines whether the claim for damages survives the death of the wrongdoer. *Orr* v. *Ahern,* 107 Conn. 174;

---

[1] 3 Blackstone, c. 20, p. 302. *United States* v. *Daniel,* 6 How. 11, 13. *Henshaw* v. *Miller,* 17 How. 212, 219. *Martin's Administrator* v. *Baltimore & Ohio R. Co.,* 151 U.S. 673, 697.

139 Atl. 691. *Sumner* v. *Brown*, 312 Pa. 124; 167 Atl. 315. *Davis* v. *Mills*, 194 U.S. 451, 454.[2] Assuming Ormsby's negligence as alleged, the New York law, upon the happening of the accident, gave plaintiff a right of action. But the same law limited the right and made it to end upon the death of the tortfeasor. As actions for personal injuries are transitory, she might have sued him in Pennsylvania. *Tennessee Coal, I. & R. Co.* v. *George*, 233 U.S. 354. But when she sued she had no claim to enforce. *Hyde* v. *Wabash, St. L. & P. Ry. Co.*, 61 Ia. 441, 443; 16 N.W. 351. She could derive no substantive right from the Pennsylvania survival statute. See *Sumner* v. *Brown*, *supra*. As there had been no suit, no question of revivor is presented. *Martin's Administrator* v. *Baltimore & Ohio R. Co.*, 151 U.S. 673, 691, *et seq.* *Baltimore & Ohio R. Co.* v. *Joy*, 173 U.S. 226. It results, therefore, that the judgment of the Circuit Court of Appeals cannot be sustained.

*Reversed.*

MR. JUSTICE ROBERTS took no part in the consideration or decision of this case.

---

[2] And see *Davis* v. *New York & N. E. R. Co.*, 143 Mass. 301, 304; 9 N.E. 815. *Needham* v. *Grand Trunk Ry. Co.*, 38 Vt. 294, 308–311. *Hyde* v. *Wabash, St. L. & P. Ry. Co.*, 61 Ia. 441; 16 N.W. 351. *Smith* v. *Condry*, 1 How. 28, 33. *Slater* v. *Mexican National R. Co.*, 194 U.S. 120, 126. *Cuba R. Co.* v. *Crosby*, 222 U.S. 473, 478. *Tennessee Coal, I. & R. Co.* v. *George*, 233 U.S. 354, 360. *Western Union* v. *Brown*, 234 U.S. 542, 546. *Spokane & I. E. R. Co.* v. *Whitley*, 237 U.S. 487, 494–495.