

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. B. Hill, Memeber
Industrial Accident Board
Austin, Texas

Dear Sir:

> Opinion No. O-1729
> Re: Is it necessary for the South-
> west Arkansas Electric Coopera-
> tive to maintain workmen's com-
> pensation insurance to cover
> the activities of its employees
> who come into the State of Texas
> for the purpose of servicing the
> short line running into Texas?

Your letter dated December 8, 1939, requesting the opinion of this department on the above stated question has been received.

We are setting out below a portion of the letter dated November 10, 1939, from Mr. John A. Sherrill, attorney, Little Rock, Arkansas, addressed to the Workmen's Compensation Division, Austin, Texas, which letter was enclosed in your letter to us of December 8, 1939:

> "The Southwest Arkansas Electric-Co-
> operative Corporation is domiciled in
> Arkansas, but has been authorized to trans-
> act business in the State of Texas and has
> constructed a short line into Texas from
> the State of Arkansas at Texarkana. It
> does not maintain any men constantly in
> the State of Texas, but in its operations
> sends any of its employees necessary into
> the State of Texas to carry on the busi-
> ness there. They all, however, return
> to headquarters at Texarkana, Arkansas.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"The question has arisen before the
Board as to whether or not it is necessary
for this Cooperative to maintain a Workmen's
Compensation insurance policy to cover the
activities of its employees who go into the
State of Texas for the purpose of servicing
the short line running into Texas. Would ·
or could the State of Texas permit employees
of the Cooperative who are injured while
working in Texas to recover compensation
from the Cooperative under the laws of the
State of Texas or would the State of Texas
require such employee to pursue his remedies
in the State of Arkansas since his activities
in Texas would only be incidental to his
Arkansas employment.

"It is my understanding that you law
exempts employers of less than three employees
from the provisions of the Texas Compensation
Act. Would the Arkansas Corporation be re-
quired to have three employees employed sole-
ly in the State of Texas to make this law ap-
plicable to them, or would it be applicable to
them if they employed three or more employees
of the State of Arkansas who were used in the
servicing of the lines, although at different
times, in the State of Texas."

Assuming that the employees of the Southwest
Arkansas Electric Cooperative Corporation servicing the
lines running into the State of Texas are engaged in intra-
state commerce, your inquiry resolves itself into the fol-
lowing two questions:

1.   Is the Southwest Arkansas Electric
Cooperative Corporation, who sends three or
more of its Arkansas employees into the State
of Texas for the purpose of servicing its
short line running into Texas, subject to the
Texas Workmen's Compensation Law?

2.   If they are not subject to the act,
may an employee of the Southwest Arkansas
Electric Cooperative Corporation who is in-
jured while working in Texas sue his employer
under the laws of the State of Texas?

Section 2 of Article 8306, Revised Statutes of Texas, relating to the Workmen's Compensation Law, reads as follows:

"The provisions of this law shall not apply to actions to recover damages for personal injuries nor for death resulting from personal injuries sustained by domestic servants, farm laborers, ranch laborers, nor to employes of any firm, person or corporation having in his or their employ less than three employes, nor to employes of any person, firm, or corporation operating any steam, electric, street or interurban railway as a common carrier. Any employer of three or more employes at the time of becoming a subscriber shall remain a subscriber subject to all the rights, liabilities, duties and exemptions of such, notwithstanding after having become a subscriber the member of employes may at times be less than three." (Underscoring ours)

Section 1, of Article 8309 reads in part as follows:

"'Employer' shall mean any person, firm, partnership, association of persons or corporations or their legal representatives that makes contracts of hire."

The Texas Workmen's Compensation Law is an elective act, and the legal relation arising between the employee, the employer and insurer, who bring themselves within the operation of the act, is contractual. The main objective of the act is to provide, in lieu of common law liability, certain and absolute compensation or benefits to employees or their dependents in cases where such employees have received injuries in the course of their employment resulting in disability or death. Any employer of labor, unless he is expressly excluded from the operation of the law, is subject to the act, and may become a subscriber to the association. By complying with the act, the employer becomes, except as to certain claims for exemplary damages, exempt from all common law or statutory liability on account of injuries suffered by his employees. The statute does not

use the word "regular" or "regularly employed" or "employed solely within the State" to characterize the continuity of the employment of the three or more employees. To exempt an employer from the operation of the act in Texas on the ground of reduction of number of employees, it would appear necessary to show that the number of employees has been permanently reduced below three.

If the Southwest Arkansas Electric Cooperative Corporation does not elect to come under the Texas Workmen's Compensation Law, the question then arises, would one of their employees injured in Texas have the right to sue under the Texas laws and recover a judgment in such suit?

This question is unique to the extent that Arkansas is one of the two remaining states that does not have a workmen's compensation act. If it were not for that fact the case of Bradford Electric Light Co. v. Jennie M. Clapper, 286 U. S. 145, 76 L. ed. 1026, 52 S. Ct. 571, 82 A. L. R. 696, would be exactly in point. The facts in the Clapper case, supra, are identical with the situation you inquire about in your letter. We mention this case to distinguish it as certainly it would control in this instance if Arkansas had any form of workmen's compensation act.

Since the State of Arkansas does not have a workmen's compensation act, we feel that the rule of lex loci delicti would apply if an employee of the Southwest Arkansas Electric Cooperative Corporation were injured in Texas. It is thoroughly established as a general rule that the law of the place where the injury incurred is the law that governs and it applies with respect to the substantive phases of torts or the actions therefor. Curtis v. Campbell, 76 Fed. (2d) 84; Loranger v. Nadeau, 10 Pac. (2d) 63, at p. 65; Bradcury v. Central Vermont Railway, 12 N. E. (2d) 732. In the case of Curtis v. Campbell, supra, certiori denied, 55 Sup. Ct. 649, 295 U. S. 737, Circuit Judge Woolley states the rule of the law of the place in the following language:

"The heart of the matter is that the law of the place of a tort gives a 'right of action' to one falling within its terms; and it does so without regard to the residence of the tortfeasor. In such case 'the law of the place where the right of action was acquired or the liability was incurred will govern as to the right of action,' Story on Conflict of Laws (9th Ed.) 775;

American law Institute Restatement, Conflict
of Laws, | | 449, 455; Texas & N. O. R. Co. v.
Cross, 60 Tex. Civ. App. 621, 128 S. W. 1173;
Loucks v. Standard Oil Co., 224 N. Y. 99, 120 N.
E. 198; Slater v. Mexican R. R. Co., 194 U. S.
120, 126, 24 S. Ct. 581, 48 L. Ed. 900; Ormsby
v. Chase, 290 U. S. 387, 54 S. Ct. 211, 78 L.
Ed. 378, 92 A. L. R. 1499."

Both the Courts of the State of Arkansas and the
State of Texas have recognized the rule of lex loci delecti.
See Cameron, et al v. Vandergriff (Sup. Ct., Ark.), 13 S. W.
1092, Texas & N. O. R. Co., et al vs. Miller, et al, 128 S.
W. 1165.

You are respectfully advised that it is the opinion
of this department that the Southwest Arkansas Electric Co-
operative Corporation may elect to come under the Workmen's
Compensation Law of Texas. However, if the company does not
choose to come under the Workmen's Compensation Act of Texas,
those employees who are injured in Texas under the rule of
lex loci delecti may pursue their claims for damages under
the laws of the State of Texas.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Signed)
 Frederik B Isely
 Assistant

FBI:CO

APPROVED: March 16, 1940
Gerald C. Mann (Signed)
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE B.W.B. CHAIRMAN