**SCOTT v. SOUTHEASTERN GREYHOUND LINES.**

**Civil Action No. 5277.**

District Court, N. D. Ohio, W. D.

Oct. 8, 1945.

---

[5] Act of March 3, 1911, c. 231, § 265, 36 Stat. 1162, Rev.Stat. § 720, 28 U.S.C.A. § 379.

Fred A. Smith, of Toledo, Ohio, and Bowman & Hanna, of Bowling Green, Ohio, for plaintiff.

Doyle, Lewis & Warner and George J. Gould, all of Toledo, Ohio, for defendant.

KLOEB, District Judge.

Plaintiff, a resident of this division and district, brought suit against the defendant, a Kentucky corporation, for damages due to injuries allegedly suffered in an accident in which defendant's bus, while traveling on a highway in the State of Kentucky, left the road and overturned. Plaintiff was a paying passenger on the bus.

The Marshal's return of summons shows that he served the defendant by serving its statutory agent in Cincinnati, Ohio, which is without the territorial limits of this district.

The defendant, entering its appearance solely for that purpose, has moved to quash the return of summons and to dismiss the action on the grounds that the defendant is not subject to service of process from this district; that the cause of action arose in the State of Kentucky and this Court does not have jurisdiction. Attached to the motion is an affidavit of defendant's Vice-President to the effect that it is a Kentucky corporation engaged in interstate commerce in operation of busses; that it does no intrastate business in Ohio; that it is not licensed to do business in Ohio, nor consented to be sued in Ohio under Ohio's Foreign Corporation Law; that its operation in Ohio is less than ¼ mile in the city of Cincinnati, i. e., from its station there to the Ohio River; and that in compliance with the Motor Carrier Act, 49 U.S.C.A. § 321(c), it has designated an agent in Ohio for the service of process. A copy of such designation is also attached to the motion.

Defendant contends that the fact that there is the requisite diversity of citizenship and jurisdictional amount and suit is brought in plaintiff's residence in accordance with Title 28 U.S.C.A. § 112, is insufficient to give the Court jurisdiction; that in addition there must be personal service in this district.

Title 49 U.S.C.A. § 321(c), provides:

"(c) Designation of agent for service of process. Every motor carrier shall also file with the board of each State in which it operates a designation in writing of the name and post-office address of a person in such State upon whom process issued by or under the authority of any court having jurisdiction of the subject matter may be served in any proceeding at law or equity brought against such carrier. Such designation may from time to time be changed by like writing similarly filed. In the event such carrier fails to file such designation, service may be made upon any agent of such motor carrier within such State."

Defendant contends that its compliance with this section in no way waives the basic requirements of jurisdiction; that the section requires that the Court have jurisdiction of the subject matter and that this Court does not have that.

Plaintiff contends that it is entitled to service of process anywhere within the territorial limits of the State under Rule 4(f) of the Federal Rules of Civil Procedure, Title 28 U.S.C.A. following section 723c.

Before the advent of the Federal Rules of Civil Procedure, there could be no question that the process of a U. S. District Court could not issue beyond the limits of the district; and a defendant in a civil suit could be subjected to its jurisdiction

**13**

in personam only by service within the district. Ex parte Graham, Fed.Cas.No.5,-657, 3 Wash. C.C. 456; Harkness v. Hyde, 98 U.S. 476, 25 L.Ed. 237; Robertson v. Railroad Labor Board, 268 U.S. 618, 45 S.Ct. 621, 69 L.Ed. 1119; Toland v. Sprague, 12 Pet. 300, 9 L.Ed. 1093. The only exceptions to this general rule were those provided by statute, since "Congress has power * * * to provide that the process of every District Court shall run into every part of the United States. * * *" Robertson v. Railroad Labor Board, supra [268 U.S. 618, 45 S.Ct. 622].

There may be a question, as some courts appear to have held, that Rule 4(f) of the Federal Rules of Civil Procedure goes beyond the field of procedure and transcends the authority granted by the Enabling Act to promulgate procedural rules. I do not feel called upon to consider the question because it appears to me service was proper in this case under Title 49 U.S.C.A. § 321(c).

Apart from any innovation introduced by Rule 4(f) certain Federal statutes have provided for service of process beyond the district. It is unquestionable that Congress has power to so provide. Toland v. Sprague, supra; United States v. Union Pacific R. Co., 98 U.S. 569, 25 L.Ed. 143; Robertson v. Railroad Labor Board, supra. The only question is whether it has done so in this case.

Defendant's contention that this Court does not have jurisdiction of the subject matter of this action is unsound. Jurisdiction of the subject matter is the power to deal with the general subject involved in the action, or cognizance of the class of cases to which the one to be adjudicated belongs. Reynolds v. Stockton, 140 U.S. 254, 11 S.Ct. 773, 35 L.Ed. 464; Murrell v. Stock Growers National Bk. of Cheyenne, 10 Cir., 74 F.2d 827; Noxon Chemical Prod. Co. v. Lackie, 3 Cir., 39 F.2d 318; Ex parte Craig, 2 Cir., 282 F. 138.

The action here is for personal injuries allegedly due to the defendant's negligence. When an act is done for which the law states a person is liable, and the action by which the remedy is to be enforced is a personal and not real action, and is of that character which the law recognizes as transitory and not local, the defendant may be held liable in any Court to whose jurisdiction he can be subjected

by personal process or by voluntary appearance. Dennick v. Railroad Co., 103 U.S. 11, 17, 26 L.Ed. 439. Personal injury actions are transitory. Ormsby v. Chase, 290 U.S. 387, 389, 54 S.Ct. 211, 78 L.Ed. 378, 92 A.L.R. 1499. This Court does then have jurisdiction of the subject matter of this action.

As far as Sec. 321(c) of the Motor Carriers Act is concerned, its language is broad enough to authorize service against an interstate carrier in any type of action. Whether or not it should be so construed is not an issue here. It must, however, be construed as covering the type of controversy in this case. In Madden v. Truckaway Corporation, D.C., 46 F.Supp. 702, 704, the Court construed Sec. 321(c) with other provisions of the Act, and held that there was no intent disclosed to provide a process statute by which service could be had in any type of action. The Court went on to say, however:

"Apparently, Congress had in mind that the public should be protected by reason of accidents growing out of the negligent use of motor vehicles engaged in interstate transportation, and also that shippers should be protected in the event of loss of property shipped in such commerce."

In Wynne v. Queen City Coach Co., D. C., 49 F.Supp. 103, plaintiff, a resident and citizen of the State of New Jersey brought an action against the defendant, a resident and citizen of the State of North Carolina, in the District Court of New Jersey to recover for personal injuries resulting from an accident which occurred in the State of Tennessee. Service was had by virtue of Sec. 321(c) and the defendant there, as here, filed a motion to quash the service of process and dismiss the complaint. The motion was denied, the Court holding that the designation of an agent under the Motor Carrier Act operated as a waiver of the privilege accorded the defendant under Sec. 51 of the Judicial Code, 28 U.S.C.A. § 112, and a consent to be sued in each of the States in which the required designation is filed.

In Sansbury v. Schwartz, D. C., 41 F. Supp, 302, the plaintiff was not a resident of the District Court for the District of Columbia where he brought his action for personal injuries against the defendant, a resident and citizen of the State of Delaware, in which State the accident occurred. Service was had under Sec. 321(c) of the

Act and the Court there denied motions to quash service and to dismiss the complaint.

In A. W. Stickle Co. v. Interstate Commerce Commission, 10 Cir., 128 F.2d 155, 158, the Court said:

"It seems clear to us that Congress has expressly provided for the service upon an agent anywhere in the state, and does not confine service to the district."

Defendant's motions are accordingly denied.