### ROTHSCHILD v. RITTER.
#### Civil Action No. 1304.

District Court, M. D. Pennsylvania.

Oct. 9, 1945.

John B. Pearson, of Harrisburg, Pa., for plaintiff.

Paul G. Smith and W. E. Shissler, both of Harrisburg, Pa., for defendant.

WATSON, District Judge.

Mary B. Rothschild, a resident of New Jersey, brought the above captioned action in this court against Elias Ritter, administrator of the estate of Kenneth Ritter, deceased, a resident of Pennsylvania, to recover for the loss and support, and for the mental pain and anguish, caused by the sudden death of her son, a passenger in an automobile owned by Kenneth Ritter, the deceased. The complaint alleges that, because of the latter's negligence, an accident occurred in the State of Florida causing the immediate death of Rothschild. Jurisdiction of this court is invoked on the ground that there is diversity of citizenship and that the amount in controversy exceeds Three Thousand Dollars.

The matter is now before the Court on a motion to dismiss the complaint for failure to state a claim.

Defendant avers in his motion that the complaint fails to allege whether the action is predicated and founded on the laws of Pennsylvania or on the laws of Florida. It is well established that the law of the place where a right of action for a tort was acquired or the liability incurred controls. Judge Woolley stated this principle in Curtis v. Campbell, 3

496

Cir., 76 F.2d 84, 85: "The heart of the matter is that the law of the place of a tort gives a 'right of action' to one falling within its terms; and it does so without regard to the residence of the tortfeasor. In such case 'the law of the place where the right of action was acquired or the liability was incurred will govern as to the right of action,' Story on Conflict of Laws (9th Ed.) 775; American Law Institute Restatement, Conflict of Laws, §§ 449, 455; * * * Ormsby v. Chase, 290 U.S. 387, 54 S.Ct. 211, 78 L.Ed. 378, 92 A.L.R. 1499."

■ Defendant's second ground for dismissal is that this action, if based upon the law of Pennsylvania, does not comply with the Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix, Pa., relating to Actions for Wrongful Death. This contention has no merit, as the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, govern pleading regardless of which state's substantive law is followed.

■■ Defendant further contends that, if the action is predicated on the laws of Florida, then the complaint does not as it should contain averments setting forth the plaintiff's legal right to recover damages. In Lamar v. Micou, 114 U.S. 218, 5 S.Ct. 857, 859, 29 L.Ed. 94, the Court held: "The law of any state of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice, without plea or proof." And in Burntisland Shipbuilding Co. v. Barde Steel Products Corporation, D.C., 278 F. 552, Judge Morris quotes from O'Dell v. Southern R. Co., D.C., 248 F. 345, 348, as follows: "The United States courts take judicial cognizance of the public laws of all the states in the Union. There is therefore no more necessity to plead the law of any state in the Union in a United States court than it would be in the state court to plead the law of that state." See also Strickland v. Humble Oil & Refining Co., 5 Cir., 140 F.2d 83. This Court, having taken judicial notice of the statutes of the State of Florida, is of the opinion that the averments properly set forth the plaintiff's legal right to recover damages under the law of Florida. Defendant's motion to dismiss must be denied.

The motion of the defendant to dismiss the action is denied.