**McINTOSH et al. v. GENERAL CHEMICAL DEFENSE CORPORATION.**

**No. 341.**

District Court, S. D. West Virginia.

Aug. 7, 1946.

J. G. F. Johnson, of Point Pleasant, W. Va., and Lucian Blankenship, of Hunting-ton, W. Va. (Marbury, Gosnell & Williams and Jesse Slingluff, Jr., all of Baltimore, Md., on the brief), for plaintiff.

Leslie E. Given, U. S. Atty., of Charleston, W. Va., and Philip A. Baer, Asst. U. S. Atty., of Huntington, W. Va., for defendant.

WATKINS, District Judge.

Plaintiff, William B. McIntosh, brought this action for personal injury against General Chemical Defense Corporation in the Circuit Court of Mason County, West Virginia, and the same was removed to this court by defendant on the ground of diversity of citizenship. The complaint alleges that the defendant, a West Virginia corporation, produced, and shipped nitric and sulphuric acid from its plant at Point Pleasant, W. Va., to Curtis Bay, Maryland; that plaintiff is a resident of Maryland and was severely injured when he undertook to open a tank car loaded with such acid at Curtis Bay, in the State of Maryland on June 5, 1943; and that his injuries were caused by the negligent manner in which such car was overloaded in violation of rules and regulations of the Interstate Commerce Commission. The action was instituted November 20, 1945. Defendant has moved to dismiss the complaint as failing to state a cause of action on the ground that the statute of limitations in West Virginia for such a personal injury suit is one year.

Since this suit was instituted in West Virginia, the parties agree that the statute of limitations of West Virginia must be applied. But the plaintiff says that such statute allows him five years instead of one year in which to institute suit. The statute is as follows: "Every personal action for which no limitation is otherwise prescribed shall be brought five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that, in case a party die, it can be brought by or against his representative; and if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued, and not after." Code, § 55-2-12.

No limitation is "otherwise prescribed" in West Virginia for personal injury action. It is, therefore, obvious that the statute allows five years in which to institute an action "if it be for a matter of such nature that, in case a party die, it can be brought by or against his representative." Otherwise, the limitation is one year. This squarely presents the question as to whether a right of action based on personal injury survives the death of either plaintiff or defendant. Plaintiff contends that this action arose in Maryland; that the laws of that state determine the question of survivability; and that the action survives under the law of Maryland. Defendant does not deny that the action arose in the state of Maryland; does not deny that such an action survives under the law of Maryland, and does not claim that the action is barred by the statute of limitations of Maryland. Code 1939, art. 57, § 1. It says that whether a claim for damages for a tort survives the death of the tortfeasor or of the injured person is determined by the law of the forum and not by the law of the place of wrong; and that under the law of the forum (West Virginia) such actions do not survive.

The law is now well settled that whether a tort claim survives is determined by the law of the place of the wrong. Prior to Ormsby v. Chase, 1933, 290 U.S. 387, 54 S.Ct. 211, 78 L.Ed. 378, 92 A.L.R. 1499, there were some decisions to the contrary which were the subject of much criticism. See Friedman v. Greenberg, 110 N.J.L. 462, 166 A. 119, 87 A.L.R. 852. Since the decision in Ormsby v. Chase the decisions have uniformly supported the rule stated above. There Ormsby operated an elevator in New York. Following his death an employe brought suit in Pennsylvania against Ormsby's executors for an injury occurring before Ormsby's death, claiming that while the cause of action did not survive in New York, the place of wrong, it did survive under the law of Pennsylvania. The District Court, 3 F.Supp. 680, dismissed the action, the Circuit Court of Appeals reversed, 3 Cir., 65 F.2d 521, and the Supreme Court reversed the Circuit Court of Appeals, holding that the law of the state where the injury occurred determined whether the action survived. For decisions on the question, see annotations to the Ormsby case set out in 92 A.L.R. 1502.

This rule is also sustained by American Law Institute Restatement of Conflict of Laws, § 390, as follows: "Whether a claim for damages for a tort survives the death of the tortfeasor or of the injured person is determined by the law of the place of wrong."

The West Virginia decisions and those of Fourth Circuit are to the same effect. Keesee v. Atlantic Greyhound Corp., 120 W.Va. 201, 197 S.E. 522; Barnes Coal Corp. v. Retail Coal, etc., 4 Cir., 128 F.2d 645; Betts, et al. v. Southern Railway Co., 4 Cir., 71 F.2d 787. The question of survivability is one pertaining, not to remedy or to procedure, but pertains to the substantive right of recovery, and in this case is determined by the law of Maryland, where the injury occurred. If plaintiff was injured in Maryland because of defendant's negligence as alleged, upon the happening of the accident, the Maryland law gave plaintiff a right of action which did not end upon his death. Code 1939, art. 67, § 2. Such personal injury action was transitory and permitted plaintiff to follow defendant into West Virginia to bring suit. By bringing suit in West Virginia, plaintiff does not lose any of such substantive rights. The action is one that survives, and the statute of limitations of West Virginia for such actions is five years. Since the action was brought in about two years and five months after it arose, it is not barred by either the Maryland or West Virginia statute.

Some of the cases have confused the question of survivability and revivability in determining whether the law of the state where the injury occurred controls the question of survivability. Revivability of an action instituted by the injured person prior to his death is a question of remedy or procedure and is governed by the law of the forum, while survivability is always a question of substantive law and is governed by the law of the place of wrong. The case of Martin v. Baltimore & Ohio Railroad Co., 151 U.S.

673, 691, 14 S.Ct. 533, 38 L.Ed. 311, 318, relied upon by plaintiff, is not in point because it involves the question of revivability. It was cited in the Ormsby case for the same purpose, and is clearly distinguished in that opinion of the Supreme Court. It is also distinguished in a lengthy discussion of the difference between the revival of an action pending at the time of death of the person injured, and the survival of the cause of action in Austin's Adm'r v. Pittsburg, C., C. & St. L. R. Co., 122 Ky. 304, 91 S.W. 742, 5 L.R.A.,N.S., 756.

Following the statement of the general rule quoted above from Restatement of Conflict of Laws, § 390, to the effect that whether a claim for damages for a tort survives the death of the tortfeasor or of the injured person is determined by the law of the place of wrong, the following comment appears: "If a claim for damages for injury survives the death of the injured person or the wrongdoer, as the case may be, by the law of the place of wrong, recovery may be had upon it by or against the representative of the decedent, provided the law of the state of forum permits the representative of the decedent to sue or be sued on such a claim. Without such power created by the law of the state of suit, no recovery can be had * * *."

Defendant cites the above and argues that since the law of West Virginia would not permit a foreign administrator to bring such a suit in West Virginia, that the action is not one that survives. There is no merit in this contention. The West Virginia statute is five years if the matter be "of such nature that, in case a party die, it can be brought by or against his representative." The law of Maryland where this cause of action arose permits suit by or against the representative in case a party die. Whether the laws of West Virginia would prevent plaintiff's administrator from bringing suit in this state is immaterial because this is not an action by a foreign administrator. Neither is it an action against a foreign administrator in West Virginia contrary to West Virginia law. If the West Virginia statute provided a limitation of five years only where suit could be brought *in West Virginia* by plaintiff's personal representative, then we would have a different situation. Here there is no such limitation in the statute. The survivability referred to in the statute means the survivability under the law which created the cause of action.

The cases of Gray, et al v. Blight, 10 Cir., 112 F.2d 696, and Herzog v. Stern, et al., 264 N.Y. 379, 191 N.E. 23, certiorari denied 293 U.S. 597, 55 S.Ct. 112, 79 L.Ed. 690 are not in point because these were actions to enforce a foreign cause of action against the personal representative of the tortfeasor in states which did not permit such personal representative to be sued. It is interesting to note that both cases concede the general rule that the law of the place where the cause of action arises governs its survival after the death of the tortfeasor or the injured person.

Plaintiff says that by existing statutory law of West Virginia, causes of action for personal injury survive the death of the tortfeasor, and thereby the limitation is five years in West Virginia. He contends that the statute of limitations was changed by Acts, West Virginia Legislature Regular Session 1945, Ch. 2. What has heretofore been said makes it unnecessary to decide this question.

The motion to dismiss is overruled.