**STRAUB v. JAEGER.**

Civ. No. 9566.

United States District Court
E. D. Pennsylvania.

Feb. 27, 1950.

Joseph G. Feldman, Philadelphia, Pa., for plaintiff.

Philip H. Strubing (of Evans, Bayard & Frick), Philadelphia, Pa., for defendant.

FOLLMER, District Judge.

This is an action for wrongful death instituted by the plaintiff, a resident of New Jersey, who sued as Administrator Ad Prosequendum, appointed in that State, of the Estate of Hester S. Straub, his daughter, likewise a resident of New Jersey.

The complaint which was filed April 6, 1949, avers that the decedent, Hester S. Straub, died on April 10, 1947, in Jefferson Hospital in the City of Philadelphia, Pennsylvania, as the result of an operation performed on April 7, 1947, by the defendant surgeon, a citizen of Pennsylvania, at the said Jefferson Hospital.

Jurisdiction is based on diversity of citizenship.

The complaint further avers that the action is brought under and by virtue of the Death Act of New Jersey, N.J.S.A. 2:47–1 et seq., and Pennsylvania Rule of Civil Procedure No. 2207, 12 P.S.Appendix. The rule last referred to reads as follows: "When an action to recover damages for wrongful death is brought in this Commonwealth to enforce rights arising under the laws of some other jurisdiction it shall be brought by the person authorized to bring the action by the law of the jurisdiction where the cause of action arose."

Defendant moved to dismiss the action for the reason that the complaint fails to state a claim against defendant upon which relief can be granted.

Plaintiff now moves to amend the complaint, setting forth, inter alia, that "The Plaintiff Howard S. Straub is the father of the decedent and was duly appointed Administrator Ad Prosequendum of the Estate of Hester S. Straub, Deceased by the Surrogate of Camden County, New Jersey, on June 29, 1948, and was appointed Ancillary Administrator of the Estate of said Hester S. Straub, Deceased by the Register of Wills of Philadelphia County, Commonwealth of Pennsylvania, on February 4, 1950; and brings this action under and by virtue of the Act of July 2, 1937, P.L. 2755, Section 2 [20 P.S. § 771-778], known as the Survival Act and Pa., R.C.P. 2201–2." Defendant again moves to dismiss the action because the complaint fails to state a claim against defendant upon which relief can be granted, and for the further reason that the action is barred by the applicable statute of limitations.

The New Jersey Death Act carries a limitation period of two years and this action was instituted one day short of that period. However, all of the facts giving rise to the action having occurred in Pennsylvania, it follows that if an action exists it must be a Pennsylvania action and the laws of Pennsylvania must be applied.[1]

The Supreme Court in Klaxon Company v. Stentor Electric Manufacturing Co., Inc., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477, established the rule that in diversity of citizenship cases, a federal court must follow the rule of conflict of laws of the State in which it sits. The conflict of laws rule in Pennsylvania is that the law of the place where the operative facts occurred must govern the rights of the parties in wrongful death cases.[2]

The complaint is specific in alleging the State of the residence of the decedent, the plaintiff and the defendant, as well as the State in which the incidents which form the basis of the complaint occurred, and would have been sufficiently pleaded without mention of the precise statute or regulation under which the action is brought, such reference being therefore mere surplusage. State law need not

---

1. Anderson v. Linton, 7 Cir., 178 F.2d 304; Linn v. Phillips Oil Co., D.C.W.D.Okl. 87 F.Supp. 444.

Plaintiff also states in his brief, "It is fundamental that the law of Pennsylvania applies."

2. Ormsby v. Chase, 290 U.S. 387, 54 S.Ct. 211, 78 L.Ed. 378, 92 A.L.R. 1499; Hunter v. Derby Foods, Inc., 2 Cir., 110 F.2d 970, 133 A.L.R. 255; Sumner v. Brown, 312 Pa. 124, 167 A. 315.

be pleaded as a federal court will take judicial notice thereof.[3]

Now as to plaintiff's motion for leave to amend his complaint. The motion first proposes the substitution as plaintiff of Howard S. Straub as Ancillary Administrator of the Estate of Hester S. Straub, Deceased, appointed by the Register of Wills of Philadelphia County, Pennsylvania, and secondly, that the action is brought under and by virtue of the Pennsylvania Survival Act of July 2, 1937, P.L. 2755, Section 2, 20 P.S. § 771-778 note, and Pennsylvania Rules of Civil Procedure Nos. 2201–2202, 12 P.S. Appendix, instead of the Death Act of the State of New Jersey and Pennsylvania Rules of Civil Procedure No. 2207, as originally stated in the complaint. Normally the motion for leave to substitute the ancillary administrator appointed in Pennsylvania should be allowed.

Rule 17(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides, inter alia, "The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. * * * In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held, * * *."

Under Pennsylvania Rules of Civil Procedure No. 2202(a) it is provided that "* * * an action for wrongful death shall be brought only by the personal representative of the decedent * * *." Rule No. 2201 defines "personal representative" as the executor, administrator, etc., "duly appointed by the Register of Wills of any county of this Commonwealth or by any will probated in this Commonwealth, * * *."[4]

In Laughlin & McManus v. Solomon, 180 Pa. 177, 36 A. 704, 57 Am.St.Rep. 633, the court said, "The technical ground for refusing a right of action dependent solely on foreign letters testamentary is that it would be giving extra territorial force to the judgment or decree of a foreign court or officer, and an interference with the jurisdiction of our own courts. But the more practical ground is that of public policy to prevent assets from being taken out of the state to the possible injury of our own citizens, creditors, who might thus be forced to go to a foreign tribunal to obtain satisfaction of their claims. * * * And that this is the ground on which the rule is enforced is shown by the cases on ancillary administration, which uniformly hold that the duty of the ancillary administrator here is to account to domestic creditors, and, after they are satisfied, to pay over the balance to the primary or domiciliary administrator." While the Pennsylvania Wrongful Death Statute definitely identifies the persons entitled to recover damages, the damages thus recovered are without liability to creditors of the decedent although not those of the beneficiaries.[5] Nevertheless, the status of an ancillary administrator is unquestioned and in my opinion would qualify under Rule No. 2201 as an administrator, i. e., personal representative duly appointed by a Register of Wills of the Commonwealth of Pennsylvania.

Rule 15 of the Federal Rules of Civil Procedure provides for the amendment of the pleadings for the purpose of bringing in new parties or changing the capacity of an existing party. Rule 15(a) gives the court a broad discretion to allow amendment of pleadings "when justice so requires," and under Rule 15(c) an amendment will relate back so as to avoid the bar of the statute of limitations if the claim or defense asserted "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, * * *." The pattern for this type of amendment was set in

---

3. Banks v. King Features Syndicate, Inc., D.C.S.D.N.Y., 1 Federal Rules Service 8a. 32, Case 1; Bower v. Casanave, D.C. S.D.N.Y., 44 F.Supp. 501.

4. I am not unmindful of the provisions of Article XI of the Pennsylvania Fiduciaries Act of 1949, 20 P.S. § 320, 1101 et seq., however, in any event such Act would not affect the decision herein arrived at.

5. Goodrich-Amram Pennsylvania Procedural Rules Service, Sec. 2201–31; In re Butler's Estate, 38 Pa.Dist. & Co. 519.

Missouri, Kansas & Texas Railway Company v. Wulf, 1913, 226 U.S. 570, 33 S.Ct. 135, 137, 57 L.Ed. 355, which upheld the allowance of an amendment changing the plaintiff's status from that of one suing as an individual to one suing in a representative capacity. The amendment was allowed after the statute of limitations had run, the court indicating that the original complaint gave the defendant notice of all the relevant facts in the case. The court said, "The change was in form rather than in substance. * * *. It introduced no new or different cause of action, nor did it set up any different state of facts as the ground of action, and therefore it related back to the beginning of the suit." The Wulf case is, of course, entirely in point under the new Rules.[6]

 The amendment, however, would serve no purpose since, as above indicated, we are here dealing with a Pennsylvania cause of action and the laws of Pennsylvania must apply. The original action was a wrongful death action and under the Pennsylvania statute the time for commencing such action is limited to one year and this limitation applies not only to substantive rights arising out of operative facts occurring in Pennsylvania but by decision of the Supreme Court of Pennsylvania,[7] it is also made a rule of policy for Pennsylvania courts that no such action can be brought in Pennsylvania after expiration of one year period and such rule is binding on a federal court.[8]

 If therefore the complaint be interpreted as averring a cause of action under the Pennsylvania statute creating a right of action for wrongful death, the cause of action is barred by the one year limitation period contained in said statute and plaintiff's motion to substitute the ancillary administrator as party plaintiff must be refused. If on the other hand, plaintiff is now attempting to sue under the Pennsylvania Survival Act, it must likewise fail as he would then be setting up an entirely new and different cause of action[9] and which would date from the filing date of the motion to amend, to wit, February 7, 1950, more than two years after April 7, 1947, the date of the injury which is alleged to have resulted in the death of the decedent, and thus be barred by the Pennsylvania Survival Act in which the period of limitation is two years.[10]

Plaintiff's motion to amend is denied. Defendant's motion to dismiss the complaint is granted.

6. Commentary "Amendment Changing Capacity Of Party Or Substituting New Party," 5 Federal Rules Service, 15a.31, 15a.32.

7. Rosenzweig, Admr'x v. Heller, 1931, 302 Pa. 279, 153 A. 346.

8. Hughes v. Lucker, 3 Cir., 174 F.2d 285.

9. Funk v. Buckley & Co., Inc., 158 Pa. Super. 586, 45 A.2d 918.

10. Stegner, Admr. v. Fenton, 351 Pa. 292, 40 A.2d 473; Stafford v. Roadway Transit Co., 3 Cir., 165 F.2d 920.