**MAY, Plaintiff-Appellant, v. LYONS et, Defendants-Appellees.**

Ohio Appeals, Second District, Clarke County.

No. 505. Decided October 16, 1953.

James M. Gorman, Springfield, for plaintiff-appellant.

## OPINION

By THE COURT:

Submitted on application of appellant to require the Clerk of this Court to file the transcript of original pleadings and journal entries as prepared by the Clerk of the Municipal Court of Springfield, Ohio.

It appears that the appellant within time filed his notice of appeal in the Municipal Court where the judgment was rendered indicating his purpose to appeal to this Court. The transcript was by inadvertance filed in the Common Pleas Court.

The application will be sustained.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

No. 505.   Decided March 25, 1954.

James M. Gorman, Springfield, for plaintiff-appellant.

Curtner, Brenton & O'Hara, Dayton, for defendant-appellee, Frank Lyons.

Pickrel, Schaeffer & Ebeling, Dayton, for defendant-appellee, Russell Sams.

## OPINION

By THE COURT:

The matter first presented for consideration is a motion of defendant-appellee, Frank Lyons, to dismiss the appeal for the reason that no bill of exceptions has been filed, and that the questions of law presented by the plaintiff-appellant can not be demonstrated in the absence of the preparation and filing of a bill of exceptions.

The question presented is clearly exemplified by the pleadings, together with the specific findings of the trial court:

"* * * that the collision between the motor vehicles of the plaintiff and the respective defendants in this cause occurred within the confines of Wright-Patterson Air Force Base, a federal military reservation."

"The court further finds that as a result thereof this court does not have jurisdiction over the subject matter of the cause of action."

The motion to dismiss will be overruled.

The next question presented is whether or not the court erred in dismissing plaintiff's petition for want of jurisdiction of the subject matter of the cause of action.   The cases cited by plaintiff all support his contention that the action sued upon is transitory and may be brought wherever the wrongdoer may be found and jurisdiction obtained. The defendants were served with summons from the Municipal Court of the City of Springfield, and in the light of the cases cited it appears that by the adjudications and by statute the court had jurisdiction of the subject matter.   U. S. v. Rogers and Rogers, 36 Fed Supp. 79; Ormsby v. Chase, 290 U. S. 387; Mertz v. Mertz, 271 N. Y. 466, 3 N. E. (2d)

298

597; **Kitchens v. Duffield, 83 Oh Ap 41, 44 and 45, 38 O. O. 142.** Appellees cite no authorities.

The judgment will be reversed and cause remanded.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.