## LINN v. PHILLIPS OIL CO.
### Civ. No. 4190.

United States District Court
W. D. Oklahoma.

Dec. 14, 1949.

John B. Odgen, Oklahoma City, Okl., for plaintiff.

James C. Cheek (of the firm Cheek, Cheek & Cheek), Oklahoma City, Okl., and R. A. Wilson (of the firm of Underwood, Wilson, Sutton, Heare & Boyce), Amarillo, Tex., for defendant.

VAUGHT, Chief Judge.

This cause was filed as Cause Number 119150 in the District Court of Oklahoma County, State of Oklahoma, and was duly removed to this court by the defendant. On January 17, 1949 the defendant filed its motion to dismiss on the following grounds:

"(a) The purported summons was not issued or served in accordance with law;

"(b) Venue does not lie in this Court or in the said Western District of Oklahoma;

"(c) The complaint filed herein states no cause of action upon which an Oklahoma court or a court of the United States sitting in Oklahoma can assume jurisdiction to grant relief; and

"(d) The complaint filed herein states no cause of action upon which plaintiffs are entitled to the relief sought."

Ground (a) is without merit, but grounds (b), (c) and (d) raise serious questions, particularly (b) and (c).

The complaint discloses the following facts: The defendant is a foreign corporation, authorized to do business both in Oklahoma and Texas. On or about June 3, 1948, Earl Orville Linn, Jr., was an employee of the defendant, working in the state of Texas. In the course of his employment he suffered death on June 3, 1948, by virtue of an explosion which the plaintiff alleges was due to the gross negligence of the defendant and sets out the acts of negligence. The amount sought to be recovered is for exemplary damages under the following sections:

Article 16, Section 26, Constitution of Texas, Vernon's Ann.St.: "Every person, corporation, or company, that may commit a homicide, through wilful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide."

Volume 22, Title 130, Article 8306, paragraph 5, Vernon's Annotated Texas Statutes: "Nothing in this law shall be taken or held to prohibit the recovery of exemplary damages by the surviving husband, wife, heirs of his or her body, or such of them as there may be of any deceased employé whose death is occasioned by homicide from

the wilful act or omission or gross negligence of any person, firm or corporation from the employer of such employé at the time of the injury causing the death of the latter. In any suit so brought for exemplary damages the trial shall be de novo, and no presumption shall exist that any award, ruling or finding of the Industrial Accident Board was correct. In any such suit, such award, ruling or finding shall neither be pleaded nor offered in evidence."

 It is fundamental that the law of the place or state, in which the injury causing death occurred, governs and controls the issues. Unless there is some valid reason why the action should be brought in the state of Oklahoma, the court, under the Oklahoma decisions, should not assume jurisdiction in the cause. Such a reason does not appear here.

The court is of the opinion that the case of McCoubrey v. Pure Oil Company, 179 Okl. 344, 66 P.2d 57, 60, is controlling here. In that case Roy Sebourn, a resident of Texas, was killed while in the employ of the defendant, in a gasoline plant owned and operated by the defendant in Texas. He left surviving him as his sole heirs at law his widow and minor son, who were also residents of Texas. His widow took out letters of administration in the state of Oklahoma setting up as the only property of the deceased the cause of action arising from the accident occurring in the state of Texas. Suit was then brought by the administrator in the state of Oklahoma seeking to recover exemplary damages under the Texas statute, supra. Two questions involved in that case were (1) whether the probate court of Oklahoma had jurisdiction to appoint an administrator and (2) whether the court of Oklahoma could assume jurisdiction to try the main question. We quote from the opinion as follows:

" * * * And so we think it apparent that the venue was extended primarily for the reason of affording the plaintiff a forum from and through which he might obtain process upon the defendant. This same extension of the venue has been generally recognized through the comity rule between various states. Although most of the states have followed the general rule, including our own, we find that a great many of the courts have, in the exercise of a sound discretion, refused to extend the privileges of their courts to enforce a cause of action arising under the laws of another state, where it affirmatively appears that the plaintiff had full recourse under the laws of his own state, and under the laws which support his cause of action *where it is apparent that the defendant was as readily, conveniently, and effectively subject to the process of the courts of the state wherein the cause arose* and in the absence of special circumstances. (Citing numerous authorities.) (Emphasis supplied.)

\* \* \* \* \* \*

"The Jackson Case, supra, (Mexican Nat. Ry. Co. v. Jackson, 89 Tex. 107, 33 S.W. 857, 31 L.R.A. 276, 59 Am.St.Rep. 28) by the Supreme Court of Texas, contains a clear statement of the controlling principles of law here. It is held in paragraph 2 of the syllabus: 'An action for damages for personal injuries is transitory, and may be maintained in any place where the defendant may be found, unless there be reason why the court whose jurisdiction is invoked should not act in the matter.'

"And in paragraph 5 of the syllabus: 'Comity would seem to forbid the courts of Texas assuming to determine the burdens upon a great national highway of a neighboring country; besides, the crowded condition of the dockets of the courts of the State, from domestic litigation, dissuades from assuming the burden of adjusting contests against the foreign road while adequate local remedies exist and are accessible to the injured parties.'

"It is true that in that case plaintiff was denied resort to the courts of Texas, upon the additional grounds that the laws of Mexico were materially different from the laws of Texas. We are not inclined to feel, however, that such consideration materially detracts from the other reasons assigned as supporting the court's conclusion, and which are in accord with our views here. In the body of the opinion the court says: 'This is a transitory action, and may be maintained in any place where the defendant is found, if there be no reason why the

court whose jurisdiction is invoked should not entertain the action. The plaintiff, however, has no legal right to have his redress in our courts; nor is it specially a question of comity between this state and the government of Mexico, but one for the courts of this state to decide, as to whether or not the law by which the right claimed must be determined is such that we can properly and intelligently administer it, with due regard to the rights of the parties. (Citing authorities.)'

"And again: 'There are other sufficient reasons why our courts should not attempt to enforce the Mexican law in cases like this. The reason which influences the courts of one state to permit transitory actions for torts to be maintained therein, when the right accrued in a foreign state or country, is that the defendant, having removed from such other state or country, cannot be subjected to the jurisdiction of the courts where the cause of action arose, and as matter of comity, but more especially to promote justice, the courts of the place where he is found will enforce the rights of the injured party against him, because it would be unjust that the wrongdoer should be permitted, by removing from the country where he inflicted the injury, to avoid reparation for the wrong done by him. In this case there has been no removal of the person or property of the defendant. Its railroad remains, as it was at the time of the injury, within the jurisdiction of the courts of Mexico, and it is liable to suit there according to the laws of that country. The reason for permitting the action to be prosecuted in our courts does not obtain in this case. The plaintiff has voluntarily resorted to the jurisdiction of our courts, when his rights could be better adjudicated in Mexico.' And

" 'Justice does not demand the exercise of the jurisdiction, and comity between the governments of this state and Mexico would seem to forbid that we should do so.'

* * * * * *

"In this case the plaintiff alleges in his petition that the defendant is engaged in operating an oil refinery and gasoline plant in the state of Texas. Being so engaged there, we take it that such defendant is just as readily amenable to the service of process from the Texas courts as it is to the service of process from the courts of this state. We do not have before us the Texas statutes in this respect, in which case it will be presumed that the Texas law is the same as our own. * * *

"The action here is for recovery of exemplary damages only. Under our law no such recovery can be had. We do not mean to say that the laws of the two states as concerns the question are entirely repugnant, or that such a recovery would violate the public policy of this state. A resort to the briefs of the parties, however, would indicate that the question is attended with difficulty and leaves great doubt as to the proper construction of the Texas laws and whether the decisions of that state entirely settle the question of plaintiff's right of recovery. No opinion of the Texas Supreme Court is called to our attention which we consider entirely in point. In such circumstances, it would appear questionable whether the courts of this state could do exact justice between the parties and arrive at an accurate interpretation of the laws of Texas relating to the subject. It would appear obvious that the courts of Texas could better settle its own laws in that respect. In view thereof, and in the absence of some compelling reason why the courts of our state should assume jurisdiction, the same should be denied.

"No reason is shown or suggested why the venue in this action should be extended to this state through the rule of comity. On the contrary, we are persuaded to the belief that should the courts of this state exercise jurisdiction under the facts and circumstances here affirmatively shown, that it would actually approximate an act of discourtesy to our sister state in presuming that our courts may more accurately or justly interpret and apply its laws. We therefore conclude that the trial court committed no error in sustaining the defendant's demurrer."

We quote further from the opinion in Mexican National Railroad Company v. Jackson, supra, 33 S.W. 857, 862, 31 L.R.A. 281: "* * * If Texas should open her courts to all persons that may be injured in

Mexico in the management of that railroad and others, it may seriously affect the means of commerce between this state and that republic. Thus it becomes a matter of public concern, and a proper subject for our consideration in this connection, in view of the fact that the railroad company is still subject to that jurisdiction. Justice does not demand the exercise of the jurisdiction, and comity between the governments of this state and Mexico would seem to forbid that we should do so. * * * If our courts assume to adjust the rights of parties against those railroads, growing out of such facts as in this case, we will offer an invitation to all such persons who might prefer to resort to tribunals in which the rules of procedure are more certainly fixed, and the trial by jury secured, to seek the courts of this state to enforce their claims. Thus we would add to the already overburdened condition of our dockets in all the courts, and thereby make the settlement of rights originating outside the state, under the laws of a different government, a charge upon our own people. If the facts showed that this was necessary in order to secure justice, and the laws were such as we could properly enforce, this consideration would have but little weight; but we feel that it is entitled to be considered where the plaintiff chooses this jurisdiction as a matter of convenience, and not of necessity. * * *"

As our state court observed in the Mc-Coubrey Case, supra, "the action here is for recovery of exemplary damages only. Under our law no such recovery can be had", so it is in the instant case. The cause of action alleged would not lie in the state of Oklahoma had the injury occurred in this state. It appears the plaintiff chooses this jurisdiction "as a matter of convenience, and not of necessity." Should this court assume jurisdiction, there is a grave question as to whether the complaint states a cause of action of gross negligence. The authorities cited by the plaintiff indicate that in the Texas jurisdiction that question depends upon the proof, under such allegations as are contained in the complaint; but in this jurisdiction the weight of authority is otherwise. However, having concluded that the motion should be sustained on other grounds, it is not necessary to consider that question.

The defendant's motion to dismiss is sustained. An exception is allowed the plaintiff. A form of order consistent with this opinion may be submitted within ten days of this date.